United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-12027-elf
Walter Ziejewski                                                        Chapter 7
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: admin              Page 1 of 1              Date Rcvd: Aug 03, 2018
                             Form ID: 318             Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 05, 2018.
db             +Walter Ziejewski,    131 Northwestern Avenue,    Philadelphia, PA 19118-4504
14080014       +KML Law Group,    701 Market Street, #5000,    Philadelphia, PA 19106-1541
14110332       +Weichert Financial Services,    225 Littleton Road,    Morris Plains, NJ 07950-2932
14110333       +Weichert Financial Svcs,    701 Market Street # 5000,    Philadelphia PA 19106-1541

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr              EDI: BTPDERSHAW.COM Aug 04 2018 05:53:00      TERRY P. DERSHAW,    Dershaw Law Offices,
                 P.O. Box 556,   Warminster, PA  18974-0632
smg             E-mail/Text: megan.harper@phila.gov Aug 04 2018 02:04:49      City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 04 2018 02:04:17
                 Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 04 2018 02:04:41      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
14080015       +E-mail/Text: jennifer.chacon@spservicing.com Aug 04 2018 02:05:22      SPS,   PO Box 65450,
                 Salt Lake City, UT 84165-0450
                                                                                              TOTAL: 5

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 05, 2018                                  Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 2, 2018 at the address(es) listed below:
              ANDREW M. CARROLL    on behalf of Debtor Walter    Ziejewski AndrewCarrollEsq@gmail.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee, in
               trust for registered Holders of Long Beach Mortgage Loan Trust 2006-5, Asset-Backed Certificates,
               Series 2006-5 bkgroup@kmllawgroup.com
              TERRY P. DERSHAW    td@ix.netcom.com,    PA66@ecfcbis.com;7trustee@gmail.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 4

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Walter Ziejewski** | Social Security number or ITIN **xxx−xx−3402** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **18−12027−elf**

## Order of Discharge                                                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Walter Ziejewski

8/2/18                                                                                  **By the court:**   Eric L. Frank
                                                                                                              United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                           **Order of Discharge**                                           page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**